UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL P.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-5037-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found obesity, degenerative disc disease, degenerative disease of the hips, sacroiliitis, history of ankle reconstruction, hypertension, depression and anxiety are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because she can perform other work in the national economy. Tr. 18-29.

Plaintiff contends the ALJ erroneously failed to consider obesity, misevaluated her testimony, and rendered a RFC determination that fails to account for the impact of stress on her ability to sustain work. Dkt. 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.    Obesity**

The ALJ must "evaluate each case based on the information in the case record," and the ALJ "will not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)." Social Security Ruling ("SSR") 19-2p, 2019 WL 2374244 (May 20, 2019). Plaintiff argues the ALJ failed to properly consider obesity. The Commissioner first argues Plaintiff fails to show step three error. This is a non-issue as Plaintiff does assert step three error.

The Commissioner also argues the RFC determination accounts for obesity, and Plaintiff fails to prove otherwise. The ALJ found obesity is a severe impairment, Tr. 18, and noted in August 2018, Plaintiff was 415 pounds (BMI 63.16 kg/m);in February 2019, Plaintiff was 380 pounds (BMI 57.8 kg/m); in July 2019 she was 358 pounds (BMI of 54.43 kg/m), *id.*, In November 2019, she was 323 pounds (BMI of 54.43 kg/m); in July 2020, she was 319 pounds (BMI of 54.43 kg/m); and in September 2020, Plaintiff was 309 pounds (BMI of 47.01 kg/m). *See* Tr. 22-23.  The ALJ found the record showed Plaintiff lost a significant amount of weight, and her physical therapy records show a reduction in pain, increased in ability to walk and greater tolerance for home exercise. The ALJ concluded the evidence thus supports a finding Plaintiff has the RFC to perform light work with additional limitations. Tr. 24.

Plaintiff argues the ALJ erred by failing to provide a sufficient explanation establishing the RFC accounts for the impact of obesity. The record shows the ALJ considered the opinions of Howard Platter M.D., and Norman Staley M.D. The doctors opined Plaintiff had limitations due to obesity but retained the ability to stand and walk for two hours, sit for six hours. *See* Tr. 80 ("Claimant could be expected to stand and walk at least 2 hours daily, some days possible 4

1    limited by her morbid obesity with a BMI in the mid 50's."). The ALJ found the opinions

2    "generally persuasive" and incorporated the standing and postural limits in the RFC

3    determination. Tr. 26. The ALJ also noted W. Daniel Davenport, M.D. examined Plaintiff and

4    opined she could stand and walk for 2 hours, sit at least 6 hours, and had other postural and

5    environmental limits. Tr. 25. The ALJ found "The doctor's opinion is supported by examination

6    findings noting a height of 5'8" and weight of 385.6 pounds, noting a history of losing 60 pounds

7    over the past year." *Id.* The ALJ concluded Dr. Davenport's examination findings support some

8    restriction in standing and walking, postural limitation, limited strength and ability to engage in

9    "light exertional tolerances." *Id.*

10        Plaintiff contends the Commissioner's claim these medical opinions support the ALJ

11   treatment of obesity is an impermissible *post hoc* argument. The Court reviews the ALJ's

12   decision based upon the reasons provided by the ALJ, not reasons subsequently argued by the

13   Commissioner. Clarity in the ALJ's reasoning is necessary because the Court can affirm the

14   ALJ's decision to deny benefits only on the grounds invoked by the ALJ. *Stout v. Comm'r, Soc.*

15   *Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

16        However, the Court should not reverse simply because ALJ makes a finding with "less

17   than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citing *Treichler*

18   *v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir.2014). Reversal is necessary only

19   where the Court makes a finding that substitutes the ALJ's finding, or must speculate as to the

20   grounds supporting the ALJ's finding. *Treichler*, at 1103.

21        Here, after reciting Plaintiff's weight and BMI and therapy records, the ALJ did not

22   specifically state, at that point, the medical opinions of Drs. Davenport, Platter and Staley show

23   Plaintiff can do work set forth in the RFC determination taking obesity into consideration. But

1   this is not a case in which the ALJ impermissibly provided a single sentence about a limitation.

2   *See Cargill v. Berryhill,* 72 Fed.Appx 407, 409 (9th Cir. 2019) (We are unable to find the ALJ's

3   inference was reasonable based on "a single conclusory statement."). Rather the ALJ reviewed

4   the medical opinion evidence and gave weight to the opinions of three doctors who assessed

5   Plaintiff retained the capacity to perform some work, although she is obese. The ALJ then

6   incorporated the doctors' assessments (which have not been challenged by Plaintiff) into the RFC

7   determination. The Court thus has an obvious basis to review the ALJ's determination about the

8   impact of obesity. Accordingly, because the decision is clear enough for the Court to review the

9   ALJ's treatment of obesity, and the Court need not make independent findings that do not exist in

10  the decision, or guess about the ALJ's treatment of obesity, the Court affirms the ALJ's treatment

11  of obesity.

12  **B.      Plaintiff's Testimony**

13          The ALJ found Plaintiff testified "she has difficulty with stress and anxiety, and pain

14  symptoms that limit her physical ability," Tr. 21, but discounted that testimony as not consistent

15  with the medical and other evidence of record. Tr. 22.

16          As to physical limitations, the ALJ found in February 2019, Plaintiff told her doctor she

17  had not been to a doctor in years. *Id.* (citing Ex. 14F/1). But this record regards a mental health

18  exam and thus is not substantial evidence contradicting Plaintiff's claimed physical limitations.

19  The ALJ also found imaging revealed minimal or mild changes in Plaintiff's spine and hips. The

20  ALJ does not explain why these results contradict Plaintiff pain complaints which the ALJ also

21  noted were documented in her medical records. *See* Tr. 22 (mild pain in both hips, pain with

22  sitting too long, and low back pain radiating down either leg and left hip pain). The ALJ thus

23  erred in failing to explain how or why the imaging results contradict Plaintiff's pain complaints.

ORDER REVERSING AND REMANDING - 4

1        The ALJ also noted Plaintiff engaged in physical therapy but those records do not

2    indicate therapy alleviated Plaintiff's pain. Rather the ALJ noted the records acknowledged "the

3    claimant's report that her pain was not markedly improved." Tr. 23. These records indicate while

4    therapy helped, Plaintiff still suffered significant pain complaints.

5        The ALJ concluded Plaintiff can perform light work because although she has ongoing

6    pain in the low back and hips, she received "conservative treatment," lost much weight and

7    therapy provided some pain improvement. Tr. 24. Substantial evidence does not support the

8    conclusion. Plaintiff stated pain interferes with her ability to work, and the record does not

9    indicate her pain improved due to weight loss. The record also does not indicate Plaintiff's

10   treatment is a marker of the severity of her pain. Plaintiff's doctors did not indicate Plaintiff's

11   pain complaints are overblown and that there thus no need for aggressive treatment. There is also

12   no indication there is more aggressive treatment Plaintiff's doctors thought should be provided.

13   On this record, there is no rational basis to conclude Plaintiff's treatment shows her pain is not as

14   severe as claimed. The ALJ accordingly erred in rejecting Plaintiff pain testimony regarding

15   physical limitations.

16       The ALJ also rejected Plaintiff's testimony that her mental limitations caused stress and

17   anxiety, that she cannot be around many people, and she has difficulty focusing and is

18   overwhelmed when shopping. Tr. 21. The ALJ discounted Plaintiff's testimony because she was

19   caring for her mother in 2018, indicating greater mental functioning than alleged. In specific, a

20   medical noted dated August 8, 2018, stated Plaintiff "is caring for her disabled mother." Tr. 275.

21   Plaintiff's care of her mother occurred after the alleged on-set date and thus tends to support the

22   ALJ's finding, at least for the time period between that care and the mother's death.

23

The ALJ noted in February 2019, Plaintiff struggled with grief and suicidal ideation as result of her mother's recent death but presented with normal mood, affect, behavior, judgment and thought content. Tr. 24. Plaintiff reported her sister and neighbors were supportive, that her medication was somewhat effective. Other records showed Plaintiff's medication was not working for her anxiety, and Plaintiff began eating foods she should not in response to stress. Plaintiff received psychotherapy and psychiatric treatment which generally noted normal mood, affect, behavior, judgment and thought content.

The ALJ found although Plaintiff's mental health symptoms increased after her mother's death, she maintained supportive relationships and there is no indication she needed higher psychiatric care such as in-patient treatment. T. 24. The ALJ's findings and record establish Plaintiff's mental health symptoms worsened after her mother's death. Thus, Plaintiff's functioning before the death does not show her symptoms are not as severe as claimed. Likewise, that Plaintiff had supportive relationships, shows people cared about her. But it does not show Plaintiff's mental symptoms are less severe. And lastly that Plaintiff did not need "higher" care does not show her mental problems are not as severe as claimed. Otherwise, only claimants who receive "higher" care, such as in-patient treatment, would be deemed to have a potential disabling mental limitations. But there is no rational reason, or evidence of record in this case that would support such a stance. The ALJ's accordingly erred in rejecting Plaintiff's testimony.

And lastly, the ALJ rejected Plaintiff's testimony as inconsistent with her activities. Tr. 25. The ALJ found Plaintiff's ability to care for her mother contradicts her testimony. The rational might be applicable to the portion of time Plaintiff cared for her mother but is inapplicable to the time period after Plaintiff's mother died when Plaintiff's mental symptoms worsened as the ALJ acknowledged. The ALJ thus erred in rejecting Plaintiff's entirely based

upon Plaintiff's caregiving. The ALJ also found Plaintiff's ability to make simple meals, do laundry sit and bathe herself, do dishes for six hours each day, shop, drive, watch T.V. are inconsistent with her claimed mental limitations. These activities have little to do with Plaintiff's claimed anxiety and stress. The ALJ also noted Plaintiff avoids going to a store during "peak hours" ostensibly to avoid stress and anxiety. That Plaintiff can go to the store for a time period that is much shorter than a full workday does not indicate she can sustain full time work. Additionally, Plaintiff did not claim she cannot do anything and cannot leave her home. Rather she claimed she cannot perform full-time work because she cannot maintain concentration for a full workday and gets stressed out and anxious. Tr. 48-50.

The Court concludes the ALJ erred in rejecting Plaintiff's testimony and that the error is harmful because it resulted in a RFC determination that failed to account for all of Plaintiff's limitations, including stress and Plaintiff's RFC.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

The Court affirms the ALJ's treatment of obesity.  On remand, the ALJ shall reassess Plaintiff's testimony, develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate. .

DATED this 2nd day of June, 2022

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge